# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S&N ENTERPRISES, INC. OF VIRGINIA,<br><br>Plaintiff,<br><br>v.<br><br>WOWWEE USA, INC. WOWEE GROUP LIMITED; AND WOWWEE CANADA, INC.,<br><br>Defendants. | Case No.: 18CV2255-GPC(AGS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING MOTION TO QUASH SERVICE AS MOOT**<br><br>**[Dkt. No. 8.]** |

Before the Court is Defendants WowWee USA, Inc., WowWee Group Limited and WowWee Canada, Inc.'s motion to dismiss and motion to quash service. (Dkt. No. 8.) Plaintiff S&N Enterprises, Inc. of Virginia filed an opposition, (Dkt. No. 10), and Defendants filed a reply. (Dkt. No. 14.) After a review of the briefings, supporting documents, and the applicable law, the Court GRANTS Defendants' motion to dismiss and DENIES Defendants' motion to quash service as moot[1].

---

[1] Defendants move to quash service as to Defendants WowWee Canada for failing to comply with the Hague Convention and WowWee Group Limited for possibly failing to comply with the Hague Convention. In opposition, although Plaintiff believes it properly served WowWee Canada, it re–served WowWee Canada. (Dkt. No. 10 at 15-16.) It also served WowWee Group in Hong Kong on October

1

**Background**

On September 27, 2018, Plaintiff S&N Enterprises, Inc. of Virginia ("S&N" or "Plaintiff") filed the instant complaint for 1) declaratory judgment of non-infringement and no violation of copyright laws, trademark laws, advertising laws and unfair competition laws; 2) declaration of invalidity and unenforceability of copyright; and 3) declaration of fair use of trademark against Defendants WowWee USA, Inc., WowWee Group Limited ("WowWee HK"); and WowWee Canada, Inc. ("WowWee Canada") (collectively "WowWee" or "Defendants"). (Dkt. No. 1.)

S&N is in the business of advertising and selling goods throughout North American to various companies, including wholesalers, retailers, mini marts and convenience stores. (Dkt. No. 1, Compl. ¶ 16.) It purchases products for resale to customers. (Id.) Defendant WowWee HK is a company organized in Hong Kong. (Dkt. No. 8-2, Sands Decl. ¶ 4.) Defendant WowWee Canada is a Canadian corporation with a principal place of business in Quebec, Canada. (Id.) In early 2017, WowWee Canada and WowWee Hong Kong developed, manufactured and released the Fingerlings branded toys. (Id. ¶ 8; Dkt. No. 14-1, Yanofsky Decl. ¶ 7.) Fingerlings are hand-held robotic toys that are designed to look like animals and/or other characters. (Dkt. No. 14-1, Yanofsky Decl. ¶ 7.) The Fingerlings were recognized as the must-have toy product for 2017 especially during the holiday season and received critical acclaim, including "Toy of the Year" in 2018 by the Toy Association. (Dkt. No. 8-2, Sands Decl. ¶ 11.) WowWee HK is the owner of "U.S. Copyright Registrations Nos.: VAu 1-289-245 covering the Fingerlings Monkey, VA 2-068-259 covering the Fingerlings Monkey Packaging, TX 8-431-649 covering the Fingerlings Monkey User Manual, VA 2-068-835 covering the Fingerlings Unicorn, VA 2-070-852 covering the Fingerlings Unicorn Packaging, TX 8-

---

26, 2018. In reply, Defendants do not challenge the re-service on WowWee Canada and do not continue to claim that service on WowWee Group Limited is improper. Accordingly, the Court DENIES Defendants' motion to quash service as moot.

2

503-164 covering the Fingerlings Unicorn User Manual, VA 2-070-721 covering the Fingerlings Sloth, VA 2-074-389 covering the Fingerlings Sloth Packaging, and TX 8-503-162 covering the Fingerlings Sloth User Manual (collectively referred to as the "Fingerlings Works")." (Id. ¶ 12.) WowWee HK is also the owner of U.S. Trademark Registration No. 3,289,747 for "WOW WEE", U.S. Trademark Registration No. 4,505,483 for [a design mark], and U.S. Registration No. 5,325,724 for "FINGERLINGS" (collectively, "Fingerlings Marks"). (Id.) WowWee Canada manages and controls the website as well as sales, customer service, shipping and return activities. (Dkt. No. 14-1, Yanofsky Decl. ¶¶ 9, 12, 13.)

WowWee USA is a corporation organized in Delaware and located in La Jolla, CA and has no legal relationship to WowWee HK or WowWee Canada. (Dkt. No. 14-1, Yanofsky Decl. ¶ 2.) It was "established to perform graphic design work related to certain innovative robotic toys and consumer entertainment products." (Id. ¶ 6.) WowWee USA was not involved in the design or development of the Fingerlings products. (Id. ¶ 8). WowWee USA has no role in the sale of Fingerlings products to consumers or retailers and does not engage in any marketing or customer service activities such as shipping or return activities in the U.S. for the Fingerlings products. (Id. ¶¶ 9, 13.)

Prior to the filing of the instant complaint, the parties were engaged in litigation in the Southern District of New York. On May 16, 2018, WowWee had filed a complaint against S&N as well as Buehler Food Markets, Inc., S&G Distributors, Inc., E&H Hardware Group, LLC, and Hy-Vee, Inc. in the Southern District of New York, WowWee Grp. Limited et al. v. Buehler Food Markets, et al., Civil Action No. 1:18cv4366-RJS (S.D.N.Y.) alleging trademark and copyright infringement. In that case, WowWee had learned that S&N attempted to import counterfeit Fingerlings products. (Dkt. No. 14-2, Sands Decl. ¶¶ 14, 15.) WowWee later learned that S&G Distributors, Inc. identified S&N as its supplier of counterfeit products. (Id. ¶ 15.) During informal discussions, WowWee learned that S&N imported at least 31,481 units of counterfeit

products and sold them to S&G. (Id. ¶ 16.) When the parties were not able to resolve the issue, WowWee filed the complaint in New York. (Id. ¶ 17.)

In the New York case, all defendants moved to dismiss the action for lack of personal jurisdiction. After filing "pre-motion letters"[2], on September 21, 2018, the New York district judge held a hearing and stated he would "likely" dismiss the case for lack of personal jurisdiction and set a schedule for full briefing. (Dkt. No. 14-2, Dixon Decl., Ex. A, Hearing Trans. at p. 29:17-22.)

After the September 21, 2018 hearing, all counsel held a conference outside the courtroom to discuss the next steps. (Dkt. No. 8-2, Sands Decl. ¶ 18; Dkt. No. 14-2, Dixon Decl. ¶ 6; Dkt. No. 10-1, Stein Decl. ¶ 4; Dkt. No. 10-5, Greenstein Decl. ¶ 4.) WowWee's counsel informed all defense counsel that they would consult with their client whether it would amend the pleadings or dismiss without prejudice and refile elsewhere but made it clear that their client would not just dismiss the case. (Dkt. No. 14-2, Dixon Decl. ¶ 6.) WowWee's counsel did not indicate where it would re-file if it chose to dismiss the New York case. (Id.) According to one of the defense counsel, WowWee's counsel informed them that the dispute would not end with a dismissal of the New York case and stated that the firm had counsel in Southern California. (Dkt. No. 10-1, Stein Decl. ¶ 4.) Defense counsel understood WowWee's counsel's reference to Southern California to indicate she would file any new action there, where WowWee USA has its principal place of business. (Id.) According S&N's counsel, WowWee's counsel informed them that the dispute would not end with a dismissal of the New York case and stated "we have" counsel in Los Angeles indicating that the dispute would continue in California. (Dkt. No. 10-5, Greenstein Decl. ¶ 4.)

---

[2] Pursuant to the procedures of then District Judge Richard J. Sullivan of the Southern District of New York, a party must request permission and attend a "pre-motion conference" prior to filing a motion to dismiss. (Dkt. No. 10-5, Greenstein Decl. ¶ 2.) Judge Sullivan required a three-page letter summary from each party concerning its position on the proposed motion to dismiss for lack of personal jurisdiction, and held a pre-motion hearing/conference on September 21, 2018. (Id. ¶ 3.)

WowWee asserts that in order to avoid protracted and extensive motion practice, on September 27, 2018, prior to the deadline for it to file its brief, WowWee voluntarily dismissed the case in New York and intended to file its claims in the Eastern District of Virginia, S&N's home state. On the same day WowWee dismissed the New York action, S&N filed the instant declaratory judgment complaint in this Court alleging defenses to the alleged trademark and copyright infringement claims raised in the New York case. (Dkt. No. 1.)

Then, the next day, on September 28, 2018, WowWee filed a complaint against S&N, and S&G Distributors, Inc. for trademark counterfeiting, infringement of registered trademarks, false designation of origin, passing off and unfair competition and federal copyright infringement in the Eastern District of Virginia alleging essentially the same allegations as in the New York case, <u>WowWee Grp. Ltd. et al. v. S&N Enters., Inc. of Virgina et al.</u>, Case No. 18cv665-HEH (E.D.V.A.).

## Discussion

**A.      Motion to Dismiss Pursuant to Exceptions to the First-to-File Rule**

Defendants argue that the Court should dismiss the case as there is another pending case in the Eastern District of Virginia and the exceptions to the first-to-file rule apply. Plaintiff opposes.

The first-to-file rule is a "recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." <u>Pacesetter Sys., Inc. v. Medtronic, Inc.</u>, 678 F.2d 93, 94-95 (9th Cir. 1982) (citing <u>Church of Scientology of Cal. v. U.S. Dep't of Army</u>, 611 F.2d 738, 749 (9th Cir. 1979)). It was developed to "serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly." <u>Alltrade, Inc. v. Uniweld Prod., Inc.</u>, 946 F.2d 622, 625 (9th Cir. 1991) (quoting <u>Church of Scientology</u>, 611 F.2d at 750). The court may transfer, stay or dismiss the case when applying the first-to-file rule. <u>Id.</u> at 623. The parties do not dispute that the instant case was filed first.

5

A court may, in its discretion, decline to apply the first-to-file rule in the interests of equity or where the 28 U.S.C. § 1404(a) balance of convenience factors weigh in favor of the later-filed action. Adoma v. Univ. of Phoenix, Inc., 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010); Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994). Exceptions to the first-to-file rule include where the filing of the first suit evidences bad faith, anticipatory suits, and forum shopping. Alltrade, Inc., 946 F.2d at 628. The anticipatory suit exception is rooted in a concern that a plaintiff should not be 'deprived of its traditional choice of forum because a defendant with notice of an impending suit first files a declaratory relief action over the same issue in another forum.'" Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1097-98 (N.D. Cal. 2006) (quoting British Telecomm. v. McDonnell Douglas Corp., No. C–93–0677, 1993 WL 149860 at *3 (N.D. Cal. May 3, 1993)).

The most basic aspect of the first-to-file rule is that it is discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" Alltrade, 946 F.2d at 628 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183-84 (1952)). The "rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." Pacesetter Sys., Inc., 678 F.2d at 95.

WowWee argues that the instant complaint was anticipatory and amounts to forum shopping and gamesmanship. S&N contends that the Court should apply the first-to-file rule as the facts do not support an anticipatory action.

A suit is anticipatory where a plaintiff files it upon receipt of specific, concrete indications that a suit by defendant is imminent. See Youngevity Int'l, Inc. v. Renew Life Formulas, Inc., 42 F. Supp. 3d 1377, 1383 (S.D. Cal. 2014). Such suits are disfavored because they suggest forum shopping. Alaris Med. Sys. v. Filtertek, Inc., Case No. 00-CV-2404, 2001 WL 34053241, at *2 (S.D. Cal. Dec. 20, 2001) (citing Mission Ins. Co. v. Puritan Fashions Corp., 706 F.2d 599, 602 n. 3 (5th Cir. 1983)). Furthermore, "[t]he Declaratory Judgment Act is not to be invoked to deprive a plaintiff of his conventional

choice of forum and timing, precipitating a disorderly race to the courthouse." Z-Line Designs, Inc. v. Bell'O Int'l, LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (quoting DeFeo v. Procter & Gamble Co., 831 F. Supp. 776, 778 (N.D. Cal. 1993)); Gribin v. Hammer Galleries, Div. of Hammer Holdings, Inc., 793 F. Supp. 233, 234 n. 1 (C.D. Cal. 1992) (dismissing first-filed Declaratory Judgment Action in favor of subsequently-filed federal court action).

In Activision Blizzard, the plaintiff had filed patent infringement complaints in the District of Delaware in the spring of 2015, and during extensive discovery, the defendants moved to dismiss based on a defect in prudential standing. Activision Blizzard, Inc. v. Acceleration Bay LLC, No. 16cv3375-RS, 2016 WL 4548985, at *2 (N.D. Cal. Sept. 1, 2016). On June 3, 2016 the district court indicated that the defendants' motion to dismiss would be granted unless the prudential issue was corrected within 14 days. Id. 12 days later, the plaintiff entered into an agreement that resolved all issued identified in the court's order. Id. The next day, on June 16, 2016, and one day prior to the expiration of the plaintiff's fourteen day window, the defendants filed suit in the Northern District of California seeking declaratory judgment of non-infringement and involved the same claims and defenses as the Delaware actions. Id. On June 17, 2016, prior to the expiration of the 14 day window, the plaintiff informed the Delaware court of the updated information, requested that the 2015 Delaware actions be dismissed without prejudice and filed a new complaint on June 17, 2016. Id. On June 20, 2016, the Delaware court dismissed the 2015 actions without prejudice and vacated the trial dates and closed the cases. Id.

The district court in California held that the new complaint on June 17, 2016 amounted to an amendment as it was filed within the two-week window the court had granted them to cure any prudential issue and the amended complaint related back to the 2015 complaints. Id. at *5. Therefore, because the cases in Delaware were filed first, transfer was warranted. Id. Alternatively, the court also concluded that even if the instant action had been filed first in California, it was an improper anticipatory suit. Id. at

*6. The court explained that defendants' actions "smack of gamesmanship" as the parties were already engaged in pending litigation when the defendants filed suit in California. Id.

Here, it is clear the instant action is anticipatory. As in Activision Blizzard, the parties were already engaged in pending litigation for five months in the Southern District of New York. S&N knew that WowWee was intending to dismiss the New York action, intended to refile its claims in another district and that the litigation would "continue". On the same day that WowWee filed its dismissal of the New York action, S&N immediately filed a declaratory complaint in this case on the same trademarks and copyrights at issue in the New York case but in the form of defenses. S&N attempts to distinguish cases concerning whether a suit is anticipatory because there were no settlement discussions at the time S&N filed this case and argues there was no "specific, concrete" indication that it intended to file the lawsuit again in *a particular forum*. S&N has not provided any legal support that WowWee had to provide specific, concrete indication that it intended to re-file in *a particular forum* but the cases only require "receipt of specific, concrete indications that a suit by defendant is imminent." See Youngevity, 42 F. Supp. 3d at 1383. Here, S&N knew and acknowledges that WowWee specifically stated the case would continue either in the form of an amended complaint in the New York action or a new complaint in another forum. S&N had specific, concrete indications that a suit was not only imminent but another suit would be a continuation of the then pending litigation in New York. S&N's counsel even acknowledged that WowWee's counsel indicated that "the dispute would *continue*. . . ." (Dkt. No. 10-5, Greenstein Decl. ¶ 4 (emphasis added).) S&N improperly filed an anticipatory declaratory judgment suit. See Gribin, 793 F. Supp. at 235 ("[n]umerous courts have refused to grant declaratory relief to a party who has come to the court only to assert an anticipatory defense"). Furthermore, the complaint in this case was filed one day before the complaint in Virginia; therefore, the importance of the earlier filing date is diminished. Z-Line Designs, Inc., 218 F.R.D. at 667 (citing Recoton Corp. v. Allsop,

8
18CV2255-GPC(AGS)

Inc., 999 F. Supp. 574, 577 (S.D.N.Y. 1998) (refusing to apply first to file rule where two days separated two actions). Accordingly, dismissal of the case is warranted under the anticipatory suit exception to the first-to-file rule.

**B. Balance of Convenience Factors**

WowWee also argues that the balance of convenience weighs in favor of departing from the first-to-file rule. Plaintiff argues that the convenience factors weigh against dismissal.

A court may also refuse to apply the first-to-file rule if the balance of convenience weighs in favor of the later-filed action. Ward, 158 F.R.D. at 648. The balance of convenience should normally be weighed by the court in the first filed action. Id. (citing Alltrade, 946 F.2d at 628).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal citations and quotation marks omitted). The defendant has the burden to show that the action should be dismissed under § 1404(a). Jones v. GNC Franchising, Inc., 211 F.3d 495, 497-99 (9th Cir. 2000).

**1. Whether the Action Could Have Been Brought in the Eastern District of Virginia**

A civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Defendants assert that the case could have been brought in the Eastern District of Virginia since S&N's principal place of business is in Richmond, Virginia and because a substantial part of the events giving rise to the claim occurred in Virginia where S&G contacted S&N in Virginia requesting that S&N import more than 30,000 units of counterfeit products on S&G's behalf. Plaintiff argues that the Eastern District of Virginia does not have personal jurisdiction over S&G; therefore, the case cannot be brought there.

Both parties address the interaction between S&N and S&G to support their arguments. However, S&G is not a party in this case and the Court only considers whether the instant action could have been brought in the Eastern District of Virginia. Plaintiff does not dispute that the case could have been brought in the Eastern District of Virginia against it as it has asserted it is "amenable to personal jurisdiction in [Virginia]." (Dkt. No. 8-4, Sands Decl., Ex. B. at 6.) Because S&N concedes it is subject to jurisdiction in Virginia, the Court concludes that the instant action could have been brought in the Eastern District of Virginia.

### 2. Convenience Factors and Interests of Justice

The Court now looks to factors addressing the convenience of the parties, convenience of the witnesses, and the interests of justice which include "(1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." Vu v. Ortho–McNeil Pharm., Inc., 602 F. Supp. 2d 1151, 1155-56 (N.D. Cal. 2009). The moving party bears the burden of persuasion to make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

### a. Plaintiff's choice of forum

Defendants argue Plaintiff's choice of forum should be given little weight because the suit is anticipatory and because S&N is a foreign plaintiff with its principal place of business in Virginia. Plaintiff responds that its choice of forum should be given weight.

Generally, a plaintiff's choice of forum is afforded substantial weight. See Decker, 805 F.2d at 843 ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum"); DIRECTV, Inc. v. EQ Stuff, Inc., 207 F. Supp. 2d 1077, 1082 (C.D. Cal. 2002) ("There is a strong presumption in favor of the plaintiff's choice of forum"). But, "[w]here a plaintiff does not reside in the forum, the Court may afford plaintiff's choice considerably less weight." Vu, 602 F. Supp. 3d at 1156 (citations omitted); Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration"). Moreover, "[i]f there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference." Carolina Casualty Co. v. Data Broadcasting Corp., 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001).

Here, Plaintiff's choice of forum is given little deference because S&N does not reside in this district and, as discussed above, the instant suit was anticipatory. Thus, the Court declines to give great weight to Plaintiff's choice of forum.

### b. Convenience of the Parties

Plaintiff has its principal place of business in Virginia. Defendant WowWee HK is a company organized in Hong Kong and Defendant WowWee is a Canadian corporation. Only WowWee USA is a resident of California and it is not the owner of the trademark or copyrights at issue. The majority of the parties does not have any contacts with the forum. This factor supports dismissal.

/ / / /

/ / / /

### c. Convenience of the Witnesses and Ease of Access to Evidence

Defendants argue that the convenience of the witnesses favors the Eastern District of Virginia because WowWee USA is the only party located in this judicial district, has no legal relationship with WowWee Canada and WowWee HK, and is not the owner of the trademarks and copyrights at issue. S&N argues that WowWee HK and WowWee Canada will have to travel whether the litigation is in California or in Virginia. Therefore, there is no indication that it would be more convenient to litigate in Virginia than in California. Moreover, for the production of documents, electronic discovery has lessened the burden on the parties.

Convenience of the witnesses is often recognized to be most important factor in determining whether or not to transfer a case. Saleh v. Titan Corp., 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005). Here, WowWee HK and WowWee Canada's witnesses will have to travel either to California or Virginia making this factor neutral. S&N has not indicated whether any discovery would be sought from WowWee USA and it would appear discovery would not be sought because WowWee USA is not the owner of the copyright or trademarks at issue, and did not design develop, sell or market the Fingerlings.

On the other hand, S&N, the alleged infringer, is located in Virginia and will likely be subject to discovery. See Brackett v. Hilton Hotels Corp., 619 F. Supp. 2d 810, 820 (N.D. Cal. 2008) ("to the extent that the 'bulk of the relevant evidence usually comes from the accused infringer in a copyright infringement case, this factor weighs slightly in favor of transfer.").

Therefore, it will be more convenient for witnesses and the parties to access evidence if the case is litigated in Virginia rather than in California. Accordingly, this factor slightly favors dismissal.

### e. Familiarity of each forum with the governing law

Since federal law applies, this factor is neutral as both districts are familiar with federal trademark laws.

### f. Feasibility of consolidation with other claims

Defendants argue that the Eastern District of Virginia can consolidate the instant case with the Virginia case. Plaintiff does not address this factor. Since Plaintiff's declaratory judgment asserts its defenses, they can be raised in the case in the Virginia case. Accordingly, this factor favors dismissal.

### g. Local interest in the controversy

Defendants argue that there is no local interest in the controversy as none of the allegations in the complaint occurred in California and neither S&N nor the owner of the Fingerlings Marks and Words are at home in this district. Plaintiff does not respond to this argument.

"A court has a strong local interest in an action (1) where the law that governs the action is the law of that court's jurisdiction, or (2) where the case is more closely connected with the forum, either because events giving rise to the claims in the case occurred in that forum or district, or due to the parties' contact with the forum." SEC v. Christian Stanley, Inc., Case No. CV 11-71470GHK (MANx), 2012 WL 13012496, at *4 (C.D. Cal. Apr. 4, 2012) (citing Vu, 602 F. Supp. 2d at 1157).

S&N has not disputed that there is no connection with the allegations in the case and this district. Accordingly, the Court concludes that Virginia has a stronger interest in adjudicating this case as the alleged infringer resides there and the facts giving rise to the claims allegedly occurred there.

### h. Relative court congestion

Defendants argue that based on the date of filing of the two cases, this district had 2254 cases, and the Eastern District of Virginia had only 664 cases and both districts have an almost equal number of judges. (Dkt. No. 8-2, Sands Decl. ¶ 29.) Plaintiff does not challenge this argument. "Administrative considerations such as docket congestion are given little weight in this circuit in assessing the propriety of a § 1404(a) transfer." Allstar Mktg. Grp, LLC v. Your Store Online, LLC, 666 F. Supp. 2d 1109, 1134 (C.D. Cal. 2009). Accordingly, this factor has little weight.

In sum, the balance of convenience factors weigh in favor of litigating the case in the Eastern District of Virginia and against applying the first-to-file rule. Accordingly, the Court GRANTS Defendants' motion to dismiss.

## C. Evidentiary Objections

Plaintiff filed evidentiary objections to the declarations of Ashly Sands, Peter Yanofsky and Dwana Dixon. (Dkt. No. 10-26; Dkt. No. 15.) To the extent they were admissible, the Court considered them. To the extent they were objectionable, the Court did not consider them.

## Conclusion

Based on the above, the Court GRANTS Defendants' motion to dismiss the case and DENIES Defendants' motion to quash service as MOOT. The hearing set for December 7, 2018 shall be **vacated**.

IT IS SO ORDERED.

Dated: November 30, 2018

Hon. Gonzalo P. Curiel
United States District Judge